UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**THEOSHAMOND NORMAN (#407759)**　　　　　　　　CIVIL ACTION

**VERSUS**

　　　　　　　　　　　　　　　　　　　　　　　17-254-BAJ-RLB

**BURL CAIN, ET AL.**

## ORDER

This matter comes before the Court on Petitioner's **Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 12)**. On June 5, 2017, this Court issued an Order dismissing Petitioner's Petition for Writ of Habeas Corpus as successive. *See* (Doc. 6). Petitioner now moves the Court to vacate judgments of the state trial court and state supreme court on the grounds that the state courts were without jurisdiction to enter said judgments.

In *Ochoa Canales v. Quarterman,* the United States Court of Appeals for the Fifth Circuit discussed Rule 60(b) motions in habeas proceedings:

> In 2005, the Supreme Court held that district courts have jurisdiction to consider Rule 60(b) motions in habeas proceedings so long as the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." In other words, a Rule 60(b) motion that attacks only a defect in the integrity of the federal habeas proceedings should not be treated as a successive habeas application. 507 F.3d 884, 887 (5th Cir. 2007) (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 532 (2005)).

However, a Rule 60 motion that raises a new claim not considered in the original habeas petition is clearly a successive habeas petition. *See Gonzalez,* 545 U.S. at 531 ("Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction-even claims couched in the language of a true Rule 60(b) motion-circumvents" the successive petition requirement of the Antiterrorism and Effective Death Penalty Act ("AEDPA")). The relevant provision of

AEDPA vests jurisdiction to consider motions for leave to file a successive habeas petition solely in the courts of appeal. *See* 28 U.S.C § 2244(b)(3)(C).

In the instant matter, Petitioner does not attack the integrity of the federal habeas proceedings in this Court; rather Petitioner is attempting to present a claim for relief from the judgments of the state courts.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion (Doc. 12) is deemed a successive petition and is **DISMISSED** for lack of jurisdiction.

Baton Rouge, Louisiana, this 21st day of April, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**